**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7716**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RODNEY WAYNE BARNES, a/k/a C,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:10-cr-00032-NKM-1; 3:13-cv-80601-NKM-RSB)

Submitted:  June 16, 2021                                        Decided:  July 7, 2021

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Rodney Wayne Barnes, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Wayne Barnes seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for relief from the district court's prior order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Barnes has not made the requisite showing. Barnes is correct that the district court erred in dismissing his motion as a successive and unauthorized § 2255 motion. Because Barnes alleged that the district court failed to address one of the claims he raised in his § 2255 motion, his motion challenged the integrity of the § 2255 proceedings and therefore was a true Rule 60(b) motion. *See McRae*, 793 F.3d at 397. However, as the district court stated, in denying Barnes' § 2255 motion, the court had considered and rejected the claim Barnes contends

2

the court overlooked.  Therefore, Barnes' Rule 60(b) motion failed to state a debatable claim of the denial of a constitutional right.

Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*